UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EMPIRE STATE CARPENTERS WELFARE, PENSION,
ANNUITY, APPRENTICESHIP, CHARITABLE TRUST,
LABOR MANAGEMENT COOPERATION and
SCHOLARSHIP FUNDS and their TRUSTEES, DALE
STUHLMILLER, TODD HELFRICH, PATRICK MORIN,
DOUG O'CONNER, JOHN O'HARE, CHRIS FUSCO,
ALAN EHL, WILLIAM MACCHIONE, WILLIAM
BANFIELD, JAMES MALCOLM, STANLEY
TURTENWALD, ROSS PEPE, ALAN SEIDMAN, LLOYD
MARTIN, LARRY THAYER, WILLIAM WEIR, DAVID
HAINES, FRANK WIRT, TOM BURKE, JAMES LOGAN,
FRANK JONES, AARON HILGER, ANGELO MASSARO,
JAMES HOLLEY,

                                  Plaintiffs,

       -against-

DE CAP INSTALLATIONS & CONSTRUCTION
CO., INC.,

                                  Defendant.
------------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
CV 10-14 (ADS)(ARL)

**LINDSAY, Magistrate Judge:**

      This matter was referred to the undersigned by District Judge Arthur D. Spatt for a report and recommendation as to the damages to be awarded to plaintiffs upon entry of a default judgment. On May 19, 2010, the plaintiffs moved for a default judgment against the defendant De Cap Installations & Construction Co., Inc. ("De Cap"). On May 20, 2010, the Clerk of the Court certified De Cap's default, and on June 24, 2010, Judge Spatt entered a default judgment against De Cap. By Order dated June 24, 2010, the undersigned directed the plaintiffs to file papers in support of their claim for damages. The plaintiffs have submitted the declaration of

Christopher J. Schulte in support of their motion.[1]  Based on the evidence submitted, the undersigned recommends that an order be issued directing the defendant to permit and cooperate in the audit of its books and records within thirty days of the date the order is entered.  The court further recommends that the plaintiffs be awarded $935.94 in attorneys' fees and costs.

**DISCUSSION**

A default constitutes an admission of all well-pleaded factual allegations in the complaint, except those relating to damages.  *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 158 (2d Cir. 1993), *cert. denied*, 506 U.S. 1080 (1993).  A default also "effectively constitutes an admission that the damages were proximately caused by the defaulting party's conduct: that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged." *Cablevision Sys. New York City Corp. v. Abramov*, 980 F. Supp. 107, 111 (E.D.N.Y. 1997).  The movant need only prove that the "compensation sought relate[s] to the damages that naturally flow from the injuries pleaded." *Greyhound,* 973 F.2d at 159.  An evidentiary hearing is not required so long as there is a basis for the damages awarded.  *Transatlantic Marine Claims Agency v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)(citations omitted).  Here, the documentary evidence submitted by the plaintiffs provides the basis for an award.  *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991).

The complaint in this action seeks damages for breach of contract in violation of

---

[1] By letter dated August 18, 2010, the plaintiffs have indicated that the papers originally submitted with this motion suffice for the purposes of the inquest.

the Employees Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA") and the Labor Management Relations Act of 1947, 29 U.S.C. § 141, et seq. ("LMRA"). The Funds are multi-employer employee benefit plans as defined by ERISA, 29 U.S.C. § 1002(3) and (37), and were established and maintained pursuant to collective bargaining agreements and Declarations of Trust. (*See* Compl. ¶¶ 3, 7.) The plaintiff Trustees are fiduciaries of the Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). (*Id*. ¶ 4.) Defendant was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and a party to one or more bargaining agreements and to the Restated Agreements and Declarations of Trust of the Empire State Carpenters Welfare Fund, Pension Fund, Annuity Fund, Apprenticeship Fund, Charitable Trust Fund, Labor Management Cooperation Fund, and Scholarship Fund (collectively "the Agreements"). (*Id*. ¶¶ 6-7.) Pursuant to the Agreements, defendant is required to make benefit contributions to the Funds for eligible employees. (*Id*. ¶ 7.) The defendant is also required to permit and cooperate in the conduct of audits of its books, payroll records and reports to ensure compliance with the terms of the Agreements and to ascertain the amount of benefit contributions due the Funds. (*Id*. ¶ 8.)

The defendant has failed to permit or cooperate in the conduct of an audit of its books and records, and has failed to furnish to the Funds with the required information, books, records, and reports to ensure compliance with the terms of the Agreements and to ascertain the amount of benefit contributions due the Funds for the period July 1, 2005 through June 30, 2008. (*Id*. ¶¶ 9-12.) Accordingly, the facts support a finding that the defendant violated the Agreements as well as ERISA, and the undersigned recommends that an order be given directing the defendants to permit and cooperate in an audit of its books and records and to furnish to the Funds information,

3

books, records and reports in accordance with ERISA and its obligations under the Agreements so that the plaintiffs may calculate the fringe benefit contributions and/or wage supplements owed by the defendant.

The plaintiffs also seek an award of reasonable attorneys' fees and costs incurred through June 3, 2010, totaling $1,277.75,[2] pursuant to 29 U.S.C. § 1132(g)(2). (*See* Schulte Decl. ¶ 7.) The plaintiffs' request for an award of attorneys' fees and costs is supported by the statute. A party seeking an award of attorneys' fees must support that request with contemporaneous time records that show "for each attorney, the date, the hours expended, and the nature of the work done." *New York State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1154 (2d Cir. 1983). The number of hours spent on litigation is unreasonable if it excessive, redundant, or otherwise unnecessary. *Bourgal v. Atlas Transit Mix Co.*, Not Reported in F. Supp., 1996 WL 75290 (E.D.N.Y 1996). Courts should use their experience to assess the reasonableness of hours spent and fees charged in a given case. *Manheim Automotive Financial Services, Inc. v. Fleet Funding Corp.*, 2010 WL 1692954 (E.D.N.Y. 2010).

In this matter plaintiffs submitted billing records of the legal services rendered by (i) Slevin and Hart, P.C., located in Washington, D.C. (the "Slevin Firm"), and (ii) local counsel Levy Ratner, P.C. (The "Levy Firm"), located in Manhattan, NY (collectively the "Firms"). The Slevin firm seeks compensation of $549.50 for a total of 3.3 hours of work on this matter, including drafting and revising the Complaint. (Schulte Decl. Ex B). The Levy firm seeks compensation of $380 for a total of 4.6 hours of work on this case including assisting in the filing and service of the Complaint and

---

[2] The court's independent calculation of attorneys fees and costs billed amounted to $1,419.94.

communicating with the Slevin Firm. (Schulte Decl. Ex A). Having reviewed the billing records, the undersigned finds that some of the legal work hours claimed by the two Firms in this matter is excessive and duplicative, particularly with respect to local counsel, given the amount of work performed and the fact that the case involves a relatively straightforward ERISA claim. *See Jin v. Pacific Buffet House, Inc.,* No. 06-CV-579 (VVP), 2010 WL 2653334, at *4 (E.D.N.Y. June 25, 2010) (holding "[a] court has broad discretion to 'trim the fat' in an application for attorneys' fees, and to eliminate excessive or duplicative hours") (citations omitted); *Simmons v. New York City Dep't of Corr.*, No. 06 Civ. 5298 (NRB), 2008 WL 4303474, at *6 (S.D.N.Y. Sept. 16, 2008) ("the district court must account for duplicative or repetitive work to ensure that the . . . fees represent only work that was necessary to the litigation and a cost efficient use of co-counsel and outside counsel") (internal quotation marks and citation omitted). Accordingly, to account for the redundancy, the court recommends that the plaintiffs be awarded attorneys' fees only as to the hours charged by the Slevin Firm.

In considering the reasonableness of the hourly rate charged by the Slevin Firm, the court notes that "[f]ee awards in this district in recent years have approved hourly rates in the range of $200 to $400 for partners, $100 to $295 for associates, and $70 to $100 for paralegal assistants." *Brady v. Wal-Mart Stores, Inc.*, No. 03-CV-3843 (JO) (citing cases), 2010 WL 4392566, at *5 (E.D.N.Y. Oct. 29, 2010); *see Jin,* 2010 WL 2653334, at *3. A review of the billing records indicates that the rates charged by the attorney at the Slevin Firm are within the prevailing fee range for this district. However, the rate charged by the Slevin Firm Paralegals of $140 per hour for 2.6 hours is not within the range of approved hourly rates in this district. Therefore, the court recommends that the claimed rate of $140 per hour for the paralegals be adjusted to $100 per hour. This results in a reduction of $104 from the Slevin Firm's claimed fees.

In sum, based upon the declaration of Christopher J. Schulte and the billing records annexed as Exhibits A-B, the undersigned finds that all relevant factors support an award of attorneys' fees and costs

5

in the amount of $445.50 and $490.44 respectively, for a total award of $935.94.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically filed on the date below. Counsel for plaintiffs shall serve a copy of this Report and Recommendation on the defendants upon receipt and shall file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72; *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
February 14, 2011

>                         S/
> ARLENE R. LINDSAY
> United States Magistrate Judge